FILED ___ ENTERED
LOGGED ___ RECEIVED

JUL 2 3 2013

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
DEPUTY

BY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES E. OGLESBY | * | |
| Plaintiff, | * | |
| v. | * | Civil No. **PJM 13-0742** |
| BWW LAW GROUP, et al. | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Charles E. Oglesby, proceeding without a lawyer, has filed suit against BWW Law Group, LLC ("BWW") and Jacob Geesing for willful and negligent violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, the Maryland Consumer Debt Collection Act ("MCDCA"), and the Maryland Consumer Protection Act ("MCPA"). BWW and Geesing have filed a Motion to Dismiss for Failure to State a Claim or in the Alternative, Motion for Summary Judgment (Dkt. 10), which was not opposed by Oglesby.[1] For the reasons that follow, the Motion to Dismiss for Failure to State a Claim is **GRANTED**.

I.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint. *Presley v. City of Charlottesville*, 464 F.3d

---

[1] Oglesby failed to file an opposition to the Motion to Dismiss, notwithstanding a letter sent from the Office of the Clerk informing him to respond to the Motion within 17 days or risk the Court dismissing the case or entering judgment against him. More importantly, Oglesby has not filed any documents or contacted the Court since February 15, 2013, when he filed the Complaint in the District Court of Maryland for Prince George's County.

480, 483 (4th Cir.2006). In examining the sufficiency of a complaint, we are guided by the decisions of the Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Those decisions require that complaints in civil actions be alleged with greater specificity than previously was required. *Robertson v. Sea Pines Real Estate Cos.,* 679 F.3d 278, 288 (4th Cir.2012).

Under the new pleading standards, to survive a 12(b)(6) motion a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 663 (quoting *Twombly,* 550 U.S. at 570). Such determination is a "context-specific task," *id.* at 679, in which the factual allegations of the complaint must be examined to assess whether they are sufficient "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

In evaluating a motion to dismiss, the "Court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). However, such deference is not accorded to labels and legal conclusions, formulaic recitations of the elements of a cause of action, and bare assertions devoid of further factual enhancement. *Iqbal,* 556 U.S. at 678. There must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly,* 550 U.S. at 555).

## II.

Even considering his unsworn Complaint, Oglesby asserts only a few facts that the Court might take into consideration. He alleges that on March 13, 2012, BWW and Geesing initiated a "hard pull" of his credit report from the credit reporting agency Trans Union, resulting in damage

to his credit score, credit denials, credit delays, inability to apply for credit, loss of use of funds, mental anguish, emotional distress, humiliation, a loss of reputation, and expenditures for fees and costs. The remaining allegations in the Complaint are formulaic recitations of the elements listed under the relevant sections of the FCRA, FDCPA, MCDCA, and MCPA.[2] Specifically, Oglesby seems to have transcribed the exact language of the statutes and merely included preliminarily: "Defendants violated [Act] by . . . ."

Without further sworn arguments that go well beyond what is stated in the Complaint, it is clear that Oglesby's claims are entirely speculative. Such facts as there are come nowhere close to supporting a reasonable inference that BWW and Geesing are liable for any of the asserted violations. Especially in view of the heightened pleading standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), Oglesby has failed to state a single claim upon which relief can be granted.

### III.

For the foregoing reasons, Defendants' Motion to Dismiss for Failure to State a Claim is **GRANTED**.

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

July __, 2013

---

[2] Even Oglesby's allegation that BWW Law Group acted "without permissible purpose," which appears within the factual introduction of his Complaint, is no more than a formulaic recitation of the required element under FCRA §1681b(f).